Lester A. Perry (2571)
Hoole & King, LC
Attorney for Plaintiff
4276 South Highland Drive
Salt Lake City, Utah 84124
Telephone: (801) 272-7556
Facsimile: (801) 272-7557
E-mail: lap@hooleking.com

---

### IN THE UNITED STATES DISTRICT COURT,
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KENNETH FLOREK<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A.; and DISCOVER FINANCIAL SERVICES<br><br>　　　　　Defendants. | **COMPLAINT**<br><br><br>Civil No. 2:13-cv-00691-TS<br><br>Judge Ted Stewart |

For cause of action, the plaintiff alleges against the defendants as follows:

I.    **Parties and Jurisdiction.**

1.    Kenneth Florek is an individual and resident of the state of California.

2.    Bank of America, N.A. ("Bank of America") is believed to be a banking institution licensed under the laws of the United States of America and doing business in the states of California and Utah.

1

3.    Wells Fargo Bank, N.A. ("Wells Fargo") is believed to be a banking institution licensed under the laws of the United States of America and doing business in the states of California and Utah.

4.    Discover Financial Services ("Discover") is a corporation doing business in the states of California and Utah.

5.    The Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

6.    Venue is proper in this District under 28 U.S.C. § 1391(b) because each of the defendants are subject to the personal jurisdiction of this court in that each defendant conducts substantial business in the state of the Utah and many facts underlying this lawsuit transpired in the state of Utah.

**II.    Factual Allegations.**

7.    On Wednesday, November 28, 2012, Mr. Florek paid $8,697.37 to Avenue 5 Consulting, L.L.C. ("Avenue 5"), a company selling its services over the Internet from its Utah County, Utah office. The purpose of the payment was for Avenue 5's Internet educational products and services.

8.    There was no set price for Avenue 5's educational product. In a telephone call with Mr. Florek selling the educational products and services, Avenue 5's salesman simply asked Mr. Florek how much credit he had on his credit cards. When Mr. Florek told him, Avenue 5 charged his four credit cards as follows:

    a.    $2,499.92 to a Chase Bank Freedom Card.

    b.    $999.76 to a Bank of America Card.

    c.    $4,197.93 to Wells Fargo Master Card.

    d.    $999.76 to a Discover Card.

9.    The contract that Mr. Florek entered into with Avenue 5 is attached hereto as **Exhibit "A"**.

10.    The contract provided that it could be cancelled at any time prior to midnight of the third business day after the date that Mr. Florek received access to the online educational products.  The contract also provided that a business day excluded Sundays and holidays, thus implying by omission that a business day included Saturday.

11.    The contract provided that it was governed by the laws of the state of Utah.

12.    On Wednesday, November 28, 2012, Avenue 5 sent Mr. Florek a login and password to access its educational products. The e-mail went to Mr. Florek's spam folder. On Friday, November 30, 2012, Avenue 5 resent the login and password to Mr. Florek for access to its educational products.

13.    Mr. Florek cancelled the contract on Monday, December 3, 2012 by notice faxed to Avenue 5 at the fax number provided by Avenue 5 in its contract as the means and fax number for cancelling the contract. The fax is attached hereto as **Exhibit "B"**.

14.   Shortly thereafter, a representative of Avenue 5 telephoned Mr. Florek and told him that he could not cancel the contract because he signed up for the product on Wednesday November 28, 2012 and the three day right to cancel included Saturday as a business day.   Thus, his three day right to cancel terminated on Saturday, December 1, 2012, according to Avenue 5's interpretation of the contract and Utah law.

15.   Avenue 5's position violated the Utah Consumer Sales Practices Act, Title 13, Chapter 11, Utah Code Ann. ("UCSPA").   Specifically, the UCSPA, at Section 13-11-4, states that the following language (in large font) must have been in Avenue 5's contract:

"YOU, THE BUYER, MAY CANCEL THIS CONTRACT AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY (or time period reflecting the supplier's cancellation policy but not less than three business days) AFTER THE DATE OF THE TRANSACTION OR RECEIPT OF THE PRODUCT, WHICHEVER IS LATER".

16.   This language required by Utah law not in the contract.

17.   In addition, Saturday is not a business day under Utah statutes and when any act provided for in a Utah statute falls on Saturday or Sunday, the act may be taken on the next day that is not a Saturday, Sunday or legal holiday.   Utah Code Ann. § 68-3-7.

4

18.  Avenue 5 also violated the Utah Telephone Fraud Prevention Act, Utah Code Ann. § 13-26-1, et. seq. That Act required Avenue 5 to advise Mr. Florek that he had three business days to cancel the sale. Avenue 5 advised Mr. Florek that he only had two business days to cancel the contract because of Avenue 5's inclusion of Saturday as a business day. Because of this improper disclosure under the Utah Act, the statute extended Mr. Florek's right to cancel to 90 business days.

19.  This Act was also subject to the definition of "business" day within Utah Code Ann. § 68-3-7 as not including Saturday, Sunday and any holiday.

20.  As alleged above, Mr. Florek notified Avenue 5 on the third business day after the sale that he cancelled the transaction.

21.  As alleged above, Avenue 5 refused to allow Mr. Florek to cancel the sale.

22.  On January 15, 2013, counsel for Mr. Florek sent a letter to Avenue 5 also cancelling the sale and demanding a refund of the money charged to his credit cards. The letter is attached hereto as **Exhibit "C"**.

III.  **First Cause of Action - Violation of the Fair Credit Billing Act.**

23.  On January 15, 2013, Mr. Florek's counsel sent letters to the four banks or companies that issued the credit cards to Mr. Florek and to which Avenue 5 made the charges to the accounts. The letters were sent to the addresses expressly reserved on the credit card billing statements for billing disputes under the Fair Credit Billing Act

("FCBA"). The letters were sent well within 60 days after Mr. Florek received the statements from Chase Freedom Card, Bank of America, Wells Fargo Master Card, and Discover Financial Services that contained the Avenue 5 charges. The letters are attached hereto as **Exhibit "D"**.

24.    The letters explained that the Avenue 5 transaction was voidable, had been cancelled pursuant to Utah law, and had not been accepted by Mr. Florek under Utah law. The letters also requested that all monies charged to Mr. Florek's credit cards be refunded.

25.    Chase Freedom Card responded to Mr. Florek's counsel by deleting the $2,499.92 Avenue 5 charge from Mr. Florek's card.

26.    Each of the defendants refused to delete the Avenue 5 charges from Mr. Florek's credit cards.

27.    The defendants are each liable for the amount of the Avenue 5 charges made to Mr. Florek's respective accounts.

28.    Mr. Florek's credit card accounts with the defendants were open end consumer credit plans that were not secured by real property or a dwelling. Each of the defendants are, therefore, liable for twice the amount of any finance charge in connection with the Avenue 5 transaction, with a minimum of $500 and a maximum of $5,000 in such liability.

6

29.   Mr. Florek incurred attorney's fees, court costs and litigation expenses regarding the Avenue 5 transaction and this lawsuit and each of the defendants are liable for the same.

Wherefore, Mr. Florek prays the Court for a judgment against each of the defendants for:

1.   the amount charged to his respective credit card by Avenue 5;

2.   twice the amount of any finance charge in connection with the Avenue 5 transaction, with a minimum of $500 and a maximum of $5,000 in such liability;

3.   attorney's fees, court costs and litigation expenses incurred in the Avenue 5 transaction and incurred in this lawsuit ; and

4.   such further relief deemed just and equitable.

Dated this 12th day of July, 2013.

Hoole & King

/s/ Lester A. Perry
Lester A. Perry
Attorney for the Plaintiff

# EXHIBIT "A"

DocuSign Envelope ID: 26A6DF50-037D-4D94-BF4F-766323AF70B6

## Avenue 5 Consulting, LLC *Student Enrollment Agreement*

This Enrollment Agreement is between Avenue 5 Consulting, LLC (A5C) and Kenneth Florek (Student) and is dated 11/28/2012.

Because you have been accepted as part of the Success Team, you acknowledge the following:

- Any communications with A5C may be monitored or recorded
- Your spouse or any other partner(s) support you in entering into the Enrollment Agreement
- To the best of your knowledge and in good faith, there are no foreseeable circumstances that would inhibit you from participating in this program
- You understand the financial commitment you are making today by entering into this Enrollment Agreement, and your financial obligations will not prevent or inhibit your participation in this program
- You were comfortable with your conversation with your Start Up Specialist and agree that you are entering into this agreement without duress from any representative at Avenue 5 Consulting
- Aside from the Warranty of Service (see the Warranty of Service below), you agree that no claims of future earnings have been presented to you by any representative of A5C

**Please verify that the Following Account Information is Accurate:**

**Name:** Kenneth Florek

**Address:** 30802 Calle Moraga Laguna Miguel CA, 92677

**Home Phone:** 949-697-7654

**Mobile Phone:** 949-363-7654

**Email:** kenflorek@yahoo.com

DocuSign Envelope ID: 26A6DF50-037D-4D94-BF4F-766323AF70B6

## Avenue 5 Consulting, LLC *Student Enrollment Agreement*

**Trade Secret Products and/or Services**

In exchange for consideration of $8,700.00 USD you shall have a license to use the following custom designed Trade Secrets:

- 6 Week of Unlimited, One on One Personalized Mentoring Sessions
  - -Unlimited Consulting by Trained Advisors
  - -Access to eLibrary of Thrive
  - -Unlimited Access to 100+ Hours of Video in eLibrary
- Ignite Web Builder with Shopping Cart, SEO Help, Free Search Engine Sub
- eBay Professional Research Software
- Platinum Custom Built Site-Up to 30 Products, 6 Categories, Optimized Site Content

# Legal Information

This Enrollment Agreement is governed by the laws of the State of Utah.

**Cancellation**

You, the buyer, may cancel this agreement at any time prior to midnight of the third business day after the date you receive access to the online education, which excludes Sundays and holidays. To cancel this agreement, you must transmit a signed and date notice of cancellation to A5C either via fax or in a written letter within that three day period. The notice must state that you are canceling the agreement or contain words of similar effect. The notice must be sent to the following contact information:

Avenue 5 Consulting, LLC
360 Technology Court
Suite 250B
Lindon, UT
Fax: 702-799-9156

By signing here, I agree to the term and conditions above: *Kenneth Florek*          11/28/2012

DocuSigned by:
64A164B636C1465...

**Privacy**

DocuSign Envelope ID: 26A6DF50-037D-4D94-BF4F-766323AF70B6

## Avenue 5 Consulting, LLC *Student Enrollment Agreement*

We value your privacy. Any personally identifiable or financial information you provide A5C. Will only be used for the specific purpose for which it was obtained. You hereby grant A5C the right to use materials furnished by you, in the whole or in part, in the program or any segment of it.

### Release of Liability

You understand and agree to indemnify and hold A5C and its officers, directors, employees, independent contractors, instructors, coaches, and their related companies harmless from and against all damages, liabilities, costs, losses, expenses, claims, and or judgments. This includes legal costs that arise out of (I) the activities pursuant to this agreement (with the exception of willful misconduct on the part of A5C) and (II) your breach of any of the representation, warranties, covenants, obligations, agreements, or duties under this agreement (with the exception of the breach of or a default under any other agreement, instrument, order, law, or regulation applicable to A5C) and (III) claims of injury otherwise arising from the sales of any products or services pursuant to this Enrollment Agreement.

### Finality

We invest substantial amounts of unrecoverable time and funds in the research and development of our technologies, educational materials, systems, and coaches. **All sales are final for this reason.**

By signing here, I agree to the term and conditions above: *Kenneth Floech*          11/28/2012

-DocuSigned by:
-64A164B636C1465...

### Use of Products

Your products and /or services are proprietary. They belong to A5C, and you purchase them for your use only. You may not use them or any part or derivative of them for distribution or resale.

### Value of Products

You understand and agree that the value you will derive from our products and/or services will be in direct proportion to your level of effort, comprehension, individual monetary investments, business experience, expertise, desire, and willingness to take action on the information provided in the packages. Therefore, A5C has not, cannot, and will not make any guarantee of success, whether implicit or implied. A5C does agree to provide service and support as detailed in the Warranty of Service. You agree to comply with the key commitments

DocuSign Envelope ID: 26A6DF50-037D-4D94-BF4F-766323AF70B6

## Avenue 5 Consulting, LLC *Student Enrollment Agreement*

associated with the Warranty of Service. You understand that the information provided by A5C is educational in nature and is not intended to be legal, accounting, or tax advice. You are responsible for your own financial decisions and should consult your own legal, accounting, and tax advisors before making your financial decisions.

### Arbitration Agreement

YOU WILL FIRST NEGOTIATE WITH A5C IN GOOD FAITH TO SETTLE ANY CLAIM OR DISPUTE IN ANY WAY RELATED TO OR COCERNING THE AGREEMENT OR OUR PROVISION TO YOU OF GOODS OR SERVICES. YOU MUST SEND A WRITTEN DESCRIPTION OF YOUR CLAIM VIA CERTIFIED MAIL TO OUR CORPORATE OFFICE. IF YOU DO NOT REACH AGREEMENT WITH A5C WITHIN 15 DAYS, YOU AGREE TO SUBMIT YOUR CLAIM TO FINAL, BINDING ARBIRTRATION WITH THE AMERICAN ARBITRATION ASSOCIATION ("AAA") UNDER ITS PUBLISHED ARBIRTRATION RULES, WHICH ARE A PART OF THE AGREEMENT BY THIS REFERENCE AND ARE AVAIALBE AT: www.adr.org .

NEITHER YOU NOR A5C WILL HAVE THE RIGHT TO LITIGATE CLAIMS IN COURT, HAVE A JURY TRIAL ON THE CLAIM, OR HAVE CLAIMES RESOLVED EXCEPT AS PROVIDED FOR IN THE CODE OF PROCEDURES OF THE AAA CLAIMS. REMEDIES SOUGHT AS PART OF A CLASS ACTION, PRIVATE ATTORNEY GENERAL, OR OTHER RESPRESENATIVE ACTION ARE SUBJECT TO ARBITRATION ON AN INDIVIDUAL (NON-CLASS, NON-REPRESENTATIVE) BASIS. ARBITRATION WILL TAKE PLACE IN PROVO, UTAH, AND WILL BE GOVERNED BY AND CONSTRUED UNDER UTAH LAW, EXCEPT ITS CONFLEICT OF LAWS RULES. AAA HAS A FEE SCHEDULE FOR ARBITRATIONS. THE PARTIES AGREE TO PAY THEIR OWN FEES, COST AND EXPENSES INCLUDING THOSE FOR COUNSEL, EXPERTS, DISCOVERY, AND WITNESSES A SINGLE ARBITRAYTOR WILL RESLOVE THE DISPUTE IF ANY PORTON OF THIS ARBIRTRATION PROVISION IS DEEMED INVALID OR UNENFORCEABLE UNDER ANY PRINCIPLE OR PROVISION OF LAW OR EQUITY, IT SHALL NOT INVALIDATE THE REMAINING PORTIONS OF THIS ARBIRTRATION PROVISION OR THE AGREEMENT, EACH OF WHICH SHALL BE ENFORCEABLE REGARDLESS OF SUCH INVALIDITY.

### Product License Details and Warranties of Service

You understand that you are purchasing these products and/or services for your own use and not for distribution or resale. All material you receive from A5C is proprietary.

### Key Commitments

These are the commitments that a student(s) **must keep** for the Warranty of Service to be effective:
1. Attend all proactive coaching calls each week for the amount of weeks agreed to in your student Enrollment Agreement.
2. Take notes during each call by using your supplied student dash board.
3. Complete all 30 steps outlined within each eLibrary module.
4. View all videos recommended by your coach or mentor within each eLibrary module.

DocuSign Envelope ID: 26A6DF50-037D-4D94-BF4F-766323AF70B6

## Avenue 5 Consulting, LLC *Student Enrollment Agreement*

5. Have logged in to your back end office and spent a minimum of 5 hours per week going through the course outline mentioned above.
6. Have registered and attended at least 25 Webinars.

**Warranty of Service**

Helping you achieve your goals is our top priority.  Our program is educational in nature; therefore, it is not legal, moral or ethical for us to guarantee or represent that you will earn any specific amount of money.  If you keep your Key Commitments, A5C will continue to educate you for up to One Year.

By signing here, I agree to the term and conditions above: *Kenneth Florck*     11/28/2012



IN WITNESS WHEREOF, you hereby understand and agree to all of the terms and conditions as defined herein and in consideration of such promises and representation by A5C, you hereby agree to pay $8,700.00 USD to A5C in the form of Visa, MasterCard & DiscoverCard. **The charge that will appear on your credit card statement will be under the name of Avenue 5 Consulting.**

DocuSign Envelope ID: 26A6DF50-037D-4D94-BF4F-766323AF70B6

## Avenue 5 Consulting, LLC *Student Enrollment Agreement*

I, Kenneth Florek, Authorize Avenue 5 Consulting to Charge the Following Credit Card:

Name that Appears on Card:  Kenneth Florek
Credit Card #: XXXX-XXXX-XXXX-2795
Expiration Date: 05/13
CVV#: 155
Amount Charged: $4,200.00

DocuSigned by:
*Kenneth Florek*                 Date: 11/28/2012
64A164B636C1465...

I, Kenneth Florek, Authorize Avenue 5 Consulting to Charge the Following Credit Card:

Name that Appears on Card:  Kenneth C Florek
Credit Card #: XXXX-XXXX-XXXX-4821
Expiration Date: 05/15
CVV#: 913
Amount Charged: $2,500.00

DocuSigned by:
*Kenneth Florek*                 Date: 11/28/2012
64A164B636C1465...

I, Kenneth Florek, Authorize Avenue 5 Consulting to Charge the Following Credit Card:

Name that Appears on Card:  Kenneth C Florek
Credit Card #: XXXX-XXXX-XXXX-7020
Expiration Date: 07/14
CVV#: 808
Amount Charged: $1,000.00

DocuSigned by:
*Kenneth Florek*                 Date: 11/28/2012
64A164B636C1465...

I, Kenneth Florek, Authorize Avenue 5 Consulting to Charge the Following Credit Card:

Name that Appears on Card:  Kenneth C Florek
Credit Card #: XXXX-XXXX-XXXX-2259
Expiration Date: 03/17
CVV#: 727
Amount Charged: $1,000.00

DocuSigned by:
*Kenneth Florek*                 Date: 11/28/2012
64A164B636C1465...

*It is understood that I am the authorized signer of the credit card mentioned above, and have given Avenue 5 Consulting the authorization to charge my credit card for the above mentioned amount.  I take full responsibility for this charge and understand that if I cancel this contract after a 3 day review period, this transaction becomes NONREFUNDABLE.*

## Student Care

If you have any questions about the Enrollment Agreement, please contact Student Care by calling 1-800-935-1001 ext 225 or by emailing: support@avenue5consulting.com

DocuSign Envelope ID: 26A6DF50-037D-4D94-BF4F-766323AF70B6

## Avenue 5 Consulting, LLC *Student Enrollment Agreement*

By signing below, you agree to this entire Enrollment Agreement.  Your digital signature is equivalent to a handwritten signature as provided in The Federal E-Sign Act.

DocuSigned by:

*Kenneth Florek*

Student Name

Date: 11/28/2012

# EXHIBIT "B"

## Cancelation of Student Enrollment Agreement

**Date:**
December 3, 2012

**To:**
Avenue 5 Consulting
360 Technology Court
Suite 250B
Lindon, UT
Fax: 702-799-9156

**From:**
Kenneth Florek
30802 Calle Moraga
Laguna Niguel, CA 92677
Phone: 949-363-7654

This fax is to inform you that I am exercising my right to cancel my Student Enrollment Agreement with Avenue 5 Consulting effective immediately. Hence, I will incur no charges and any monies debited to my credit cards will be credited immediately. Thank you.

Kenneth Florek

EXHIBIT "C"





**HOOLE & KING** L.C.

LAW OFFICES

4276 SOUTH HIGHLAND DRIVE • SALT LAKE CITY, UTAH 84124-2634
PHONE 801-272-7556 • FAX 801-272-7557 • WWW.HOOLEKING.COM

LESTER A. PERRY
ATTORNEY AT LAW
*lap@hooleking.com*

January 15, 2013

**VIA CERTIFIED MAIL**
**#7011 1150 0000 4077 2000**

Avenue 5 Consulting, LLC
Attn: Brandon Godfrey
360 Technology Court
Suite 250B
Lindon, Utah 84042

      **Re:**    **Your customer, Kenneth Florek.**

Dear Mr. Godfrey:

      You are the registered agent for Avenue 5 Consulting, LLC ("Avenue 5") and a member of that company. I represent Kenneth Florek.

      On Wednesday, November 28, 2012, Mr. Florek paid $8,700.00 to your company by charges made to four of his credit cards. The payments were for Avenue 5's Internet product, educational services regarding how to make money on the Internet. On Monday, December 3, 2012, Mr. Florek faxed to your office a written cancellation of the contract between him and Avenue 5 and demand for return of the $8,700.00. One of your "consultants" called Mr. Florek and told him that the contract that he had with Avenue 5 required cancellation within three business days and he had cancelled on the fourth business day because the Avenue 5 contract considered Saturday, December 1, 2012 a business day.

      Please consider this letter a demand for refund of the $8,700.00. Your contract violates the Utah Consumer Credit Code and the Utah Consumer Sales Practices Act, Title 13, Chapter 11, Utah Code Ann. ("UCSPA"). Specifically, the UCSPA, at Section 13-11-4, states that the following language (in large font) must be in your contract:

      "YOU, THE BUYER, MAY CANCEL THIS CONTRACT AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY (or time period reflecting the supplier's cancellation policy but not less than three business days) AFTER THE DATE OF THE TRANSACTION OR RECEIPT OF THE PRODUCT, WHICHEVER IS LATER".

Letter to Avenue 5 Consulting
January 15, 2013
Page 2 _____

     Your contract does not contain this language. Further, the UCSPA and the Regulations of the Utah Department of Consumer Protection do not consider Saturday a business day. Thus, you have violated the UCSPA by not allowing Mr. Florek to cancel the contract and not returning his $8,700.00. This is a "deceptive act and practice" and an "unconscionable act and practice" under the UCSPA and exposes your company to an award of all damages and attorney's fees and court costs in any action by Mr. Florek. It also exposes you to action and sanctions by the Utah Department of Consumer Protection.

     It is also our position that the sale to Mr. Florek constituted a home solicitation sale under the Utah Consumer Credit Code, Title 70C, Utah Code Ann. ("UCCC"). Section 70C-5-102 also requires that any such sale can be cancelled by midnight of the third business day after the sale. The UCCC, and the Utah Department of Financial Institutions do not consider Saturday a business day for cancellation. Thus, your company also violated the UCCC which exposes you to an award of damages, attorney's fees and court costs.

     Demand is therefore made for payment of the $8,700.00 to Mr. Florek and $800.00 attorney's fees incurred by him on this matter. This letter constitutes the 15 day notice required by Avenue 5's contract. We have also submitted notices to the credit card companies involved informing them that your charges were billing errors under the Federal Fair Credit Billing Act because the contract was cancelled pursuant to Utah State law, thereby terminating any "acceptance" of the charges by Mr. Florek. See 12 C.F.R. Sec. 226.13, Supp I.

     If we cannot resolve this matter, Mr. Florek will be filing a complaint with the Utah Department of Consumer Protection. If you have any questions concerning this matter, please give me a call.

                Sincerely,

                Lester A. Perry

LAP:apb
cc:    cleint

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ .45 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

1/15/2013

Postmark Here

Lindon, Utah 84042

Sent To Avenue 5 Consulting
Street, Apt. No.; or PO Box No. ATN: Brandon Godfrey
City, State, ZIP+4 3100 Technology Ct Suite 250B

7011 1150 0000 4077 2000

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Avenue 5 Consulting
ATN: Brandon Godfrey
3100 Technology Ct
Suite 250B
LINDON, Utah 84042

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
Clen Arnell     1-22-13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail     ☐ Express Mail
☐ Registered     ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)     7011 1150 0000 4077 2000

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**EXHIBIT "D"**



**HOOLE & KING** L.C.
LAW OFFICES

4276 South Highland Drive • Salt Lake City, Utah 84124-2634
Phone 801-272-7556 • Fax 801-272-7557 • www.hooleking.com



LESTER A. PERRY
ATTORNEY AT LAW
*lap@hooleking.com*

January 15, 2013

**VIA CERTIFIED MAIL ONLY**
**#7011 1150 0000 4077 2031**

Discover
PO Box 30421
Salt Lake City, Utah 84130-0421

    **Re:**   **Dispute of charges made to Card No. Ending in 2259.**

To Whom it May Concern:

    Our firm represents Kenneth Florek, the holder of the credit card under the above identified number. The address that you have for him is 30802 Calle Moraga, Laguna Niguel, CA 92677-5504. The disputed charge to the card is for $999.76 made to the card by Avenue 5 Consulting ("Avenue 5") on December 5, 2012.

    On Wednesday, November 28, 2012, Mr. Florek paid $8,700.00 to Avenue 5 for its Internet educational product. Payment was made by charges to four of his credit cards. One of the cards was the above identified Discover Card. On Monday, December 3, 2012, Mr. Florek faxed to Avenue 5 a written cancellation of the contract between him and Avenue 5 and demand for return of the $8,700.00. Avenue 5 refused to return the money claiming that Mr. Florek had to cancel the contract within three business days and he had cancelled on the fourth business day because Avenue 5 considered Saturday, December 1, 2012 a business day.

    Avenue 5's position violates the Utah Consumer Credit Code and the Utah Consumer Sales Practices Act, Title 13, Chapter 11, Utah Code Ann. ("UCSPA"). Specifically, the UCSPA, at Section 13-11-4, states that the following language (in large font) must be in Avenue 5's contract:

    "YOU, THE BUYER, MAY CANCEL THIS CONTRACT AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY (or time period reflecting the supplier's cancellation policy but not less than three business days) AFTER THE DATE OF THE TRANSACTION OR RECEIPT OF THE PRODUCT, WHICHEVER IS LATER".

Letter to Discover
January 15, 2013
Page 2

The contract does not contain this language. Further, the UCSPA and the Regulations of the Utah Department of Consumer Protection do not consider Saturday a business day. Thus, Avenue 5 violated the UCSPA by not allowing Mr. Florek to cancel the contract and not returning his $8,700.00. This is a "deceptive act and practice" and an "unconscionable act and practice" under the UCSPA. These actions also rebut "acceptance" of the charges under the Federal Fair Credit Billing Act ("FCBA"), thus requiring cancellation of the charges to his credit card. See Rigby v. FIA Card Services, N.A., No. 12-10053, 2012 WL 4123389 (11th Cir. 09/19/12).

Avenue 5 also violated the Utah Consumer Credit Code, Title 70C, Utah Code Ann. ("UCCC"). Section 70C-5-102 requires that any home solicitation sale can be cancelled by midnight of the third business day after the sale. The UCCC, and the Utah Department of Financial Institutions do not consider Saturday a business day for cancellation. Thus, Mr. Florek terminated the sale and he did not accept the sale and the charges made to pay for the sale must be reversed under the FCBA.

If you have any questions concerning this matter, please give me a call.

Sincerely,

Lester A. Perry

LAP:apb
cc:      client

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com™

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ .45 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

1/15/2013

Postmark
Here

Sent To   DISCOVER
Street, Apt. No.,   PO BOX 30421
or PO Box No.
City, State, ZIP+4   SLC, UT 84130-0421

7011 1150 0000 4077 2031

PS Form 3800, August 2006       See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DISCOVER
PO BOX 30421
SLC, Utah
84130-0421

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
RCVD BY UPC

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No
   JAN 1 6 2013

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7011 1150 0000 4077 2031

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540





**HOOLE & KING** L.C.

**LAW OFFICES**

4276 SOUTH HIGHLAND DRIVE • SALT LAKE CITY, UTAH 84124-2634
PHONE 801-272-7556 • FAX 801-272-7557 • WWW.HOOLEKING.COM

LESTER A. PERRY
ATTORNEY AT LAW
lap@hooleking.com

January 15, 2013

**VIA CERTIFIED MAIL ONLY**
**#7011 1150 0000 4077 2017**

Wells Fargo, Master Card
PO Box 522
Des Moines, IA 50306-0522

    Re:    **Dispute of charges made to Card No. 5490 9600 9106 2795.**

To Whom it May Concern:

    Our firm represents Kenneth Florek, the holder of the credit card under the above identified number. The disputed charge to the card is for $4,197.93 made to the card by Avenue 5 Consulting ("Avenue 5") on December 5, 2012.

    On Wednesday, November 28, 2012, Mr. Florek paid $8,700.00 to Avenue 5 for its Internet educational product. Payment was made by charges to four of his credit cards. One of the cards was the above identified Master Card with Wells Fargo bank. On Monday, December 3, 2012, Mr. Florek faxed to Avenue 5 a written cancellation of the contract between him and Avenue 5 and demand for return of the $8,700.00. Avenue 5 refused to return the money claiming that Mr. Florek had to cancel the contract within three business days and he had cancelled on the fourth business day because Avenue 5 considered Saturday, December 1, 2012 a business day.

    Avenue 5's position violates the Utah Consumer Credit Code and the Utah Consumer Sales Practices Act, Title 13, Chapter 11, Utah Code Ann. ("UCSPA"). Specifically, the UCSPA, at Section 13-11-4, states that the following language (in large font) must be in Avenue 5's contract:

    "YOU, THE BUYER, MAY CANCEL THIS CONTRACT AT ANY TIME PRIOR
    TO MIDNIGHT OF THE THIRD BUSINESS DAY (or time period reflecting the
    supplier's cancellation policy but not less than three business days) AFTER THE
    DATE OF THE TRANSACTION OR RECEIPT OF THE PRODUCT,
    WHICHEVER IS LATER".

    The contract does not contain this language. Further, the UCSPA and the Regulations of the Utah Department of Consumer Protection do not consider Saturday a business day. Thus, Avenue 5 violated the UCSPA by not allowing Mr. Florek to cancel the contract and not returning his

Letter to Wells Fargo, Master Card
January 15, 2013
Page 2

$8,700.00. This is a "deceptive act and practice" and an "unconscionable act and practice" under the UCSPA. These actions also rebut "acceptance" of the charges under the Federal Fair Credit Billing Act ("FCBA"), thus requiring cancellation of the charges to his credit card. See Rigby v. FIA Card Services, N.A., No. 12-10053, 2012 WL 4123389 (11th Cir. 09/19/12).

Avenue 5 also violated the Utah Consumer Credit Code, Title 70C, Utah Code Ann. ("UCCC"). Section 70C-5-102 requires that any home solicitation sale can be cancelled by midnight of the third business day after the sale. The UCCC, and the Utah Department of Financial Institutions do not consider Saturday a business day for cancellation. Thus, Mr. Florek terminated the sale and he did not accept the sale and the charges made to pay for the sale must be reversed under the FCBA.

If you have any questions concerning this matter, please give me a call.

Sincerely,

Lester A. Perry

LAP:apb
cc:    client

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .45 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To Wells Fargo MC
Street, Apt. No.; or PO Box No. PO Box 522
City, State, ZIP+4 Des Moines IA

7011 1150 0000 4077 2017

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wells Fargo, MC
PO Box 522
Des Moines, IA
50306-0522

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

DES MOINE
JAN 17 201_

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 1150 0000 4077 2017

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



H O O L E & K I N G L.C.

L A W   O F F I C E S

4276 SOUTH HIGHLAND DRIVE • SALT LAKE CITY, UTAH 84124-2634
PHONE 801-272-7556 • FAX 801-272-7557 • WWW.HOOLEKING.COM

LESTER A. PERRY
ATTORNEY AT LAW
*lap@hooleking.com*



January 15, 2013

**VIA CERTIFIED MAIL ONLY**
**#7011 1150 0000 4077 2048**

Chase Freedom Card
Customer Service
PO Box 15299
Wilmington, DE 19850-5299

    **Re:**    **Dispute of charges made to Card No. 4266 8411 6169 4821.**

To Whom it May Concern:

    Our firm represents Kenneth Florek, the holder of the credit card under the above identified number. The disputed charge to the card is for $2,499.92 made to the card by Avenue 5 Consulting ("Avenue 5") on December 5, 2012.

    On Wednesday, November 28, 2012, Mr. Florek paid $8,700.00 to Avenue 5 for its Internet educational product. Payment was made by charges to four of his credit cards. One of the cards was the above identified Chase Freedom Card. On Monday, December 3, 2012, Mr. Florek faxed to Avenue 5 a written cancellation of the contract between him and Avenue 5 and demand for return of the $8,700.00. Avenue 5 refused to return the money claiming that Mr. Florek had to cancel the contract within three business days and he had cancelled on the fourth business day because Avenue 5 considered Saturday, December 1, 2012 a business day.

    Avenue 5's position violates the Utah Consumer Credit Code and the Utah Consumer Sales Practices Act, Title 13, Chapter 11, Utah Code Ann. ("UCSPA"). Specifically, the UCSPA, at Section 13-11-4, states that the following language (in large font) must be in Avenue 5's contract:

    "YOU, THE BUYER, MAY CANCEL THIS CONTRACT AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY (or time period reflecting the supplier's cancellation policy but not less than three business days) AFTER THE DATE OF THE TRANSACTION OR RECEIPT OF THE PRODUCT, WHICHEVER IS LATER".

Letter to Chase Freedom Card
January 15, 2013
Page 2

     The contract does not contain this language. Further, the UCSPA and the Regulations of the Utah Department of Consumer Protection do not consider Saturday a business day. Thus, Avenue 5 violated the UCSPA by not allowing Mr. Florek to cancel the contract and not returning his $8,700.00. This is a "deceptive act and practice" and an "unconscionable act and practice" under the UCSPA. These actions also rebut "acceptance" of the charges under the Federal Fair Credit Billing Act ("FCBA"), thus requiring cancellation of the charges to his credit card. See Rigby v. FIA Card Services, N.A., No. 12-10053, 2012 WL 4123389 (11th Cir. 09/19/12).

     Avenue 5 also violated the Utah Consumer Credit Code, Title 70C, Utah Code Ann. ("UCCC"). Section 70C-5-102 requires that any home solicitation sale can be cancelled by midnight of the third business day after the sale. The UCCC, and the Utah Department of Financial Institutions do not consider Saturday a business day for cancellation. Thus, Mr. Florek terminated the sale and he did not accept the sale and the charges made to pay for the sale must be reversed under the FCBA.

     If you have any questions concerning this matter, please give me a call.

Sincerely,

Lester A. Perry

LAP:apb
cc:    client

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $  45 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

1/5/2013

Postmark Here

Sent To: Chase Freedom Card
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7011 1150 0000 4077 2048

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chase Freedom Card
Customer Service
PO Box 15299
Wilmington, DE
19850-5299

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
JAN 1 8 2013

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7011 1150 0000 4077 2048

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



HOOLE & KING L.C.

LAW OFFICES

4276 SOUTH HIGHLAND DRIVE • SALT LAKE CITY, UTAH 84124-2634
PHONE 801-272-7556 • FAX 801-272-7557 • WWW.HOOLEKING.COM

LESTER A. PERRY
ATTORNEY AT LAW
lap@hooleking.com



January 15, 2013

**VIA CERTIFIED MAIL ONLY**
**#7011 1150 0000 4077 2024**

Bank of America
Attn: Billing Inquiries
PO Box 982235
El Paso, TX 79998

     Re:    **Dispute of charges made to Card No.  5466 3207 7627 7020.**

To Whom it May Concern:

     Our firm represents Kenneth Florek, the holder of the credit card under the above identified number.  The disputed charge to the card is for $999.76 made to the card by Avenue 5 Consulting ("Avenue 5") on December 5, 2012.

     On Wednesday, November 28, 2012, Mr. Florek paid $8,700.00 to Avenue 5 for its Internet educational product.  Payment was made by charges to four of his credit cards.  One of the cards was the above identified Bank of America credit card. On Monday, December 3, 2012, Mr. Florek faxed to Avenue 5 a written cancellation of the contract between him and Avenue 5 and demand for return of the $8,700.00.  Avenue 5 refused to return the money claiming that Mr. Florek had to cancel the contract within three business days and he had cancelled on the fourth business day because Avenue 5 considered Saturday, December 1, 2012  a business day.

     Avenue 5's position violates the Utah Consumer Credit Code and the Utah Consumer Sales Practices Act, Title 13, Chapter 11, Utah Code Ann. ("UCSPA").   Specifically, the UCSPA, at Section 13-11-4, states that the following language (in large font) must be in Avenue 5's contract:

     "YOU, THE BUYER, MAY CANCEL THIS CONTRACT AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY (or time period reflecting the supplier's cancellation policy but not less than three business days) AFTER THE DATE OF THE TRANSACTION OR RECEIPT OF THE PRODUCT, WHICHEVER IS LATER".

     The contract does not contain this language.  Further, the UCSPA and the Regulations of the Utah Department of Consumer Protection do not consider Saturday a business day.  Thus, Avenue

Letter to Bank of America
January 15, 2013
Page 2

5 violated the UCSPA by not allowing Mr. Florek to cancel the contract and not returning his $8,700.00. This is a "deceptive act and practice" and an "unconscionable act and practice" under the UCSPA. These actions also rebut "acceptance" of the charges under the Federal Fair Credit Billing Act ("FCBA"), thus requiring cancellation of the charges to his credit card. See Rigby v. FIA Card Services, N.A., No. 12-10053, 2012 WL 4123389 (11th Cir. 09/19/12).

Avenue 5 also violated the Utah Consumer Credit Code, Title 70C, Utah Code Ann. ("UCCC"). Section 70C-5-102 requires that any home solicitation sale can be cancelled by midnight of the third business day after the sale. The UCCC, and the Utah Department of Financial Institutions do not consider Saturday a business day for cancellation. Thus, Mr. Florek terminated the sale and he did not accept the sale and the charges made to pay for the sale must be reversed under the FCBA.

If you have any questions concerning this matter, please give me a call.

Sincerely,

Lester A. Perry

LAP:apb
cc:     client

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

79998

Sent To
Bank of America
Street, Apt. No.; or PO Box No. ATTN: Billing Inquiries
City, State, ZIP+4 PO Box 982235   El Paso TX

7011 1150 0000 4077 2024

PS Form 3800, August 2006                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America
ATTN: Billing Inquiries
PO Box 982235
El Paso, TX   79998

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   ACS/Bank of America   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

N. Vinagasam Bason

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)   7011 1150 0000 4077 2024

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540